UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-00191-FDW

| DONEAL J. GILLESPIE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| J. CAUSBY, PATRICIA COOK, CHAD CLIFTON, C. MURRAY, | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint, filed pursuant to 42 U.S.C. § 1983.

I. BACKGROUND

Plaintiff is an inmate of the State of North Carolina who was housed at the Alexander Correctional Institution until March 20, 2015, prior to his transfer to Central Prison in Raleigh. In his complaint, Plaintiff contends that while housed at Alexander Correctional one or more of the defendants fail to follow the Administrative Remedies Procedure in connection with an apparent investigation and disciplinary procedure.[1]

Plaintiff alleges that on or about September 29, 2014, Defendant Murray, whom Plaintiff identifies as an investigating officer, visited his cell and asked him why he was on "STB" watch,[2] and asked Plaintiff if he wanted to make a verbal statement. Plaintiff explained that because he was "DD" assigned he was entitled to have a case manager present to assist him or serve as a

---

[1] In North Carolina, state prisoners must complete a three-step administrative remedy procedure (ARP) in order to exhaust their administrative remedies. See N.C. Gen. Stat. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008).

[2] Plaintiff does not explain the meaning of "STB" watch.

1

witness to his statement. (Doc. No. 1 at 4).[3] Plaintiff contends that he was subject to an "adverse decision" and although he wanted to appeal the decision, prison officials would not provide him with an opportunity to fully exhaust his administrative remedies.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION

Claims brought pursuant to § 1983 must allege that a person acting under color of state law violated or deprived the plaintiff of a right protected by the Constitution or federal statute. See Mentavlos v. Anderson, 249 F.3d 301, 310 (4th Cir. 2001) (internal citation omitted).

Plaintiff does not fairly identify the adverse decision resulting from his apparent disciplinary hearing or how his federal constitutional rights have been violated and as such his

---

[3] Prisons Policy & Procedure Manual: Inmate Disciplinary Procedures, Chapter B .0205(d)(4)(D) defines "DD" as Developmentally Disabled.

complaint is reduced to one issue which is whether the defendants' alleged failure to adhere to the prisons internal grievance or disciplinary procedures is actionable in a § 1983 action. The answer is no absent some showing that Plaintiff's federal constitutional or statutory rights have been violated and even construing Plaintiff's liberally, the Court finds that Plaintiff has made no such showing. See Riccio v. Cnty. of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990) (finding that if a state fails to adhere to its own procedural rules there is no liability in a § 1983 absent a showing a federal constitutional violation); Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992) (holding violations of prison policies which fall short of constitutional violations state no § 1983 claim).

IV.    CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has failed to state a claim for relief, and his complaint will be dismissed. 28 U.S.C. § 1915A(b)(1).

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED without prejudice**. (Doc. No. 1).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: May 14, 2015

Frank D. Whitney
Chief United States District Judge